## Atkinson et al. v. McClain

*Herman Lyon Hecht*, for plaintiffs.
*Richman & Richman*, for defendant.

DAVIS, P. J., and MILLAR, J., March 9, 1939.—On December 15, 1938, Elmer Atkinson and Clara L. Atkinson

brought suit against Norman McClain to recover damages for injuries sustained on April 8, 1938, in an automobile collision on Verree Road, Philadelphia, and filed the statement of their claim.

On January 23, 1939, Norman McClain issued a writ of scire facias to bring upon the record, as additional defendant, Anthony Snyder, and alleged that the collision, declared on by plaintiffs, occurred solely through the negligence of Anthony Snyder, and claimed the sum of $10,000 from the additional defendant.

Anthony Snyder thereupon filed a petition for a rule to set aside the service and quash the writ of scire facias, for the reasons that the writ did not contain a copy of the statement of claim, but set forth a separate independent statement of claim for damages, by the original defendant, and was, therefore, irregular on its face, violated the Practice Act of May 14, 1915, P. L. 483, and rule 45 of the common pleas rules, and was not authorized by the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663.

Counsel for the original defendant, in his brief, stated that the action arose out of an automobile collision between the automobiles of Anthony Snyder and Norman McClain; that plaintiff, Clara L. Atkinson, was a guest of the additional defendant, and instituted this action against Norman McClain alone, through her attorney, Herman Lyon Hecht, Esq., who is also attorney for the additional defendant; that defendant, in his scire facias, claimed that the additional defendant was solely liable to plaintiff for the cause of action declared upon, and was also liable to defendant for the damages suffered by him in the collision.

Counsel for the original defendant contends that there is no requirement in the Act of 1929, as amended, nor in rule 226 of the common pleas rules, that a copy of the statement of claim be served upon the additional defendant and that service of the statement of claim would be a useless gesture, since the same attorney represented both

plaintiffs and the additional defendant, and drew up the statement of claim; and that under the Act of June 25, 1937, P. L. 2118, the original defendant had the right to have determined, in the same case, a separate and distinct issue between himself and the additional defendant, in which plaintiff is not involved, because the question relating to or connected with the subject matter of the litigation is substantially the same as a question arising between plaintiff and the original defendant.

The Act of 1937 amends the original Scire Facias Act of April 10, 1929, P. L. 479, and its amendments, by providing that any defendant may sue out a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on or jointly or severally liable *or in the alternative* liable therefor with him, *or because any question or issue, relating to or connected with the subject matter of the litigation, is substantially the same as a question or issue arising between the plaintiff and defendant and should properly be determined, not only between the plaintiff and defendant but between either of them and additional defendant, or between any or either of them,* with the same force and effect as if such other had been originally sued; *and that the plaintiff shall not be prejudiced or unnecessarily delayed by reason of questions between the defendant and the original defendant in which he is not concerned, and such orders shall be given and terms imposed by the court as may be necessary to prevent delay of plaintiff, where it can be done without injustice to defendant and additional defendants.*

This act was considered by Court of Common Pleas No. 4 of Philadelphia County, in the case of Gannon et al. v. Savar et al., 33 D. & C. 499, 503, in an opinion rendered October 4, 1938, in which Judge Francis Shunk Brown, Jr., in discussing a related question which was involved in that case, refers to the pertinent clauses of the act as follows:

"Clearly it was the intent of the legislature to permit the joinder of all parties, whether as plaintiffs, defendants or additional defendants, in order that all issues 'between any or either of them' pertaining to the same transaction or series of transactions might be adjudicated in one suit instead of in more than one as heretofore. Any other conclusion would enable persons claiming rights of action to join as plaintiffs in many common situations and so deprive defendants of the benefit of the provisions of the act of 1929, as amended. Such a result would be rendered possible by virtue of an act which was passed in the same breath, as it were, as another act whereby the scope of the act of 1929 was broadened. So paradoxical an effect from simultaneous enactments was plainly not intended. To carry out the purpose of both acts of 1937, therefore, a defendant may join with him as an additional defendant one plaintiff, who, he alleges, is alone liable to another plaintiff for the cause of action declared on by the first plaintiff.

"Furthermore, there is no logical reason why, if various parties, who have rights of action arising from the same transaction, may now join together as plaintiffs in one suit, a defendant may not join any one of them with him as an additional defendant to answer the other, or others, as the case may be. Each plaintiff must prove his claim, and his right to recover may depend upon different legal principles from that of other plaintiffs."

In the instant case the writ of scire facias charges the additional defendant with sole liability to plaintiff, and with additional liability to the original defendant, arising out of the same accident.

The question of the responsibility for the accident can properly and should be determined in the one suit. A verdict and judgment, or other relief, may be had against the additional defendant by plaintiff, or the original defendant, to the same extent as if the additional defendant had been originally sued by either plaintiff or the original defendant.

The scire facias was not defective on its face, and since the attorney for the additional defendant is also the attorney for plaintiffs the failure to attach a copy of the statement of claim to the writ of scire facias is not fatal and did not prejudice the additional defendant.

The rule to set aside service and quash the writ of scire facias is discharged.